M. Michael Potoker, J.
Defendant, is charged ¡with criminal sale of a controlled substance, and the People intend to summon an ¡undercover police agent as its chief ¡witness. To protect th$ confidentiality- and identity of- the agent and ensure his well-being, the People move this court to exclude the general public from the courtroom during the;time the undercover agent will occupy the ¡witness stand.
Defendant resists the People’s motion on the ground that barring the public from attending a criminal trial is violative of the -Sixth Amendment of the United -States ¡Constitution and that in the alternative, if the court rejects the contention, it must first conduct a pretrial hearing as he believes was rdandated by United States ex rel. Lloyd v. Vincent (74 C 1173, Eastern Dist., Brooklyn; N. Y. L. J., Jan. 14, 1975, p. 1, col. 6) to determine if the facts herein justify the unusual action.
In that area of the People’s affirmation addressed to the law, they raise two points, the first of which contends that rulings and decisions of a Federal District Court -within this -State do not constitute binding authority upon a Supreme Court of this State.
In his argument the -District Attorney states: “ It is hornbook law that the decisions of a Federal District Court are merely persuasive authority, and are not binding upon the highest court of a State. (See, e.g., Bartkus v. Illinois, supra; Abbate v. United States, supra; Wright, Law of Federal Courts, p. 14.) Therefore, it is submitted that Lloyd [U. S. ex rel. Lloyd v. Vincent, supra] is not -binding authority Upon this court and may not be viewed as superior authority to contrary decisions rendered by the New York Court of Appeals.”
In support of. his contention, the court, is urged to apply the decision in United States ex rel. Smallwood v. La Valle (377-F. Supp. 1148), which followed a similar appeal route as Lloyd (supra) and was affirmed -by the -Court of Appeals of the Second Circuit on December 16,1974 [no opinion].
Though Judge Neaher, in the Smallwood case, affirmed the decision of the New York Court of ’Appeals (People v. Smallwood, 31 N Y 2d 750), he noted (p. 1153): “ In these circumstances, the health and safety of the witness and the rights of the defendant seem much better served by careful inquiry to determine the need for the witness’s testimony and the witness’s inability to testify in public, followed by an exclusion order that is limited in time to the witness’s testimony only, and otherwise operates, where possible, to minimize the impact on the defendant’s rights.” (Emphasis supplied.)
*643 The Judge further ¡stated (p. 1153) that: “ this court is very reluctant to second-guess the trial court’s discretion on a cold record four years hence. [Citations omitted.] In view of the defense objection at trial, the benefits of hindsight and reflection suggest the trial court might have been more circumspect in its decision, perhaps following the approach outlined above.”
The court cannot simultaneously ignore and follow the Federal District Court as the District Attorney apparently urges. But that matter is inconsequential since this court does not find that Judge ¡Neaher in Smallwood differs to any great degree from Judge Mishler in Lloyd, nor from the New York Court of Appeals decisions cited and discussed under point two. Judge Mishler has merely formalized, to some extent and under the circumstances there existent, the ¡procedures and guidelines that a court should follow when faced with a motion to exclude the public from the courtroom during a trial. I consider both these Federal court decisions {Smallwood and Lloyd, supra) as persuasive authority on the constitutional issues involved herein as well as the leading New York eases.
The second point raised by the District Attorney is that the exclusion of the general public from a courtroom during the testimony of an undercover police officer is a sound exercise of judicial discretion and does not constitute a denial of defendant’s right to a public trial.
This point brings forth the following issues:
1. May a courtroom be closed to the public in abrogation of a defendant’s [Sixth Amendment right to a public trial?
2. If so, under what circumstances can this action be taken by the court?
3. What would constitute a satisfactory ‘[1] showing ’ ’ to the court before such action is taken?
ISSUE ONE
The exclusion of the public may lawfully be accomplished by the trial court’s discretionary inherent power “to preserve order and decorum in the courtroom, to protect the rights of parties and witnesses, and generally to further the administration of justice.” (People v. Jelke, 308 N. Y. 56, 63); thus “ the public trial concept * # * has never been viewed as imposing a rigid, inflexible straight jacket on the courts.” (p. 63).
It has been established that there are instances where a defendant’s Sixth Amendment right to a public trial, also applicable *644 to the States,[1] mayjbe curtailed. For the most part, these cases have been confined to areas where the witnesses’ confidentiality or safety may be jeopardized or where there was a need tó preserve order (People v. Hinton, 31 N Y 2d 71, drug case-undercover agent; People v. Hoole, N. Y. L. J., Jan. 28, 1974, p. 17, col. 4 drug case — undercover -agent; safety of agent and usefulness of undercover identity; People v. Pacuicca, 134 N. Y. S. 2d 381, affd. 286 App. Div. 996, drug case undercover agent, fear for safety, and preserve usefulness of undercover identity; People v. Smallwood, 31 N Y 2d 750; United States ex rel. Smallwood v. La Valle, 377 F. Supp. 1148, affd. Dec. 16, 1974 no opinion [murder — 16-year-old eyewitness freightened of defendant’s friends in the courtroom]; State ex rel. Bruno v. Herold, 408 F. 2d 125, cert. den. 397 U. S. 957, “ gangster types ” present in courtroom and frightening witness; United States ex rel. Orlando v. Fay, 350 F. 2d 967, cert. den. sub noun. Orlando v. Folette, 384 U. S. 1008, defendant’s friends and sympathizers attempting to harass and intimidate witness; People v. Hagan, 24 N Y 2d 395, cert. den. 396 U. S. 886, witness feared for life and threats had been made against him).
Thus the court concludes, based on the previously cited cases and on the recent decisions of United States ex rel. Smallwood v. La Valle (supra) and United States ex rel. Lloyd v. Vincent (supra), that under “ certain circumstances the exclusion of the public for limited'reasons, and normally for short periods, may be justified. ” (Lloyd, supra.)
ISSUE TWO
The instances which bring about, such action by the court, or result in the prosecution calling for such action are rare and the reasons behind such request must be carefully scrutinized before a request of this nature is granted. These requests should only be granted “ where real and compelling reasons necessitate it.” (United States ex rel. Lloyd v. Vincent, supra.)
“ any claim of practical justification for a departure from the constitutional requirement of a public trial must be tested by a standard of strict and inescapable necessity.” (United States ex rel. Bennett v. Rundle, 419 F. 2d 599, 607.)
*645 Before a court is obliged to curtail an absolute constitutional right of the defendant,dt is necessary that the People make a “ showing ”[2]
[3]supporting the necessity of such action.
This “ showing ” should provide, among other reasons, that a closed courtroom is necessary due to: (1) an overriding need for confidentiality of the witness, and (2) the likelihood that the witness ’ physical or mental well-being may.be. jeopardized by his testifying in an open courtroom.
It is true that very often in drug cases these two reasons would he logically inseparable .with a possibility of physical harm directly related to the agent’s true identity being uncovered.
The court must consider that ‘ ‘ the health and safety of the witness and the rights of the defendant seem much better served by careful inquiry to determine the need for the witness’s testimony and the witness’s inability to testify in public.(United States ex rel. Smallwood v. La Valle supra, p. 1153.)
JPhe burden of proof in this instance is obviously on the People. It is not for the defendant to prove that he must not be deprived of a right given to him by Federal and State law.3 It is the burden of the People to provide the court with a ‘ ‘ diem, convincing, compelling basis for its order.” (United States ex rel. Lloyd v. Vincent, supra; emphasis supplied.)
issue three
The power of the trial court to close the courtroom is inherently discretionary, but that discretion must be sparingly exercised and then, only when unusual circumstances necessitate it (People v. Hinton, 31 N Y 2d 71, supra; cf. Matter of Oliver v. Postel, 30 N Y 2d 171, supra).
This court finds, as did Judge Mishler in Lloyd {supra), that a “ basis may be established either by compelling circumstances within the court’s knowledge, such as those present in Fay, Bruno, and Hinton, or by an affirmative demonstration to the prosecution that such compelling reasons exist.”
The Federal court found in Lloyd {supra) that the State trial court “ acted solely upon the untested assertion of the prosecution that the agents’ cbnfidentiality would be jeopardized. In failing to require a showing that the agents’ confidentiality *646 would be jeopardized or that their lives would in fact be endangered, the trial court erred.”
In Lloyd the People’s assertion to the court consisted of the following: “Your Honor, 'the People’s first two witnesses will be undercover agents. They are now actively .undercover agents with the Narcotics Squad of the Nassau -County Police Department. For this reason, I would .ask that the Court ¡be closed to any spectators” (People v. Lloyd, Ind. No. 34448, Nassau County Ct., Sept. 4, 1976, Trial Transcript, ,p. 86).
■ The showing” required Iby Lloyd and toy all of the other cases cited above may toe made toy the prosecutor’s assertions or toy an affirmation and/or affidavit in support of the motion, provided, however, that they meet the test required toy 'the court in the particular case.
A mere assertion that the proposed witness is an undercover agent and therefore his safety is at stake if he were to testify at a public trial fails to meet the required test. If the court finds .such assertions and affirmations insufficient to meet the burden placed upon the prosecution, the court will then direct that a hearing toe held for the purpose of obtaining in greater detail the facts and reasons for the exclusionary demand. Such hearing will be held m camera, for to do otherwise would frustrate and make moot the initial cause of the hearing.
In the instant case, the People have submitted an affirmation in .support of their motion. The court finds that this affirmation constitutes a satisfactory showing of the requirements previously set forth The People’s affirmation provided in part as follows: ‘[1] That said Police Officer is an undercover police officer assigned to the Narcotics Division in Brooklyn New York.
“ That said -officer is still operating actively in the community in said capacity; that his duties involve him in numerous and varied hazards and dangers to his life and limito; that the criminals, contacts, and informants with .whom said officer converses and meets in the performance of his duties do not know that he is .a police officer; that his life would be in danger if his identity were -exposed; that said officer within the past .six months was seriously wounded toy a firearm .during the course of his duties.
‘ ‘ That there is an absolute need to maintain the confidentiality of said officer’s identity so that he may continue the effective performance of his duties as an undercover narcotics -officer.
“ That other narcotic investigations and prosecutions in which said officer has participated in an undercover capacity are -still pending.
*647 “ That the courtroom in which this matter is to be tried is specifically designated for the prosecution of narcotics cases, making it a likely place for those members of the general public [1] interested ’ in such prosecutions to be present.
“ That other targets of these narcotic investigations and prosecutions may be present in the courtroom, as well as unknown persons who may at a later time encounter and expose said officer in his undercover capacity.
“That the identity of said officer and his present assignment are. at this time .unknown to the general public, and that to deny the People’s motion to exclude members of the general public during the testimony of said officer would expose and compromise his identity in said capacity.
[1] ‘ That should the general public not be excluded during the testimony of said officer, said officer would testify in a fearful, nervous, and distracted manner, causing an unfair and unwarranted impediment to said officer’s testimony, thereby detracting from his demeanor to the detriment of the subjective evaluation of his credibility by a jury.”
Unlike Lloyd, where the Federal court found that the State court failed to require a showing that the agents’ confidentiality would be jeopardized or that their lives would in fact be endangered, the affirmation in the instant case presents a clear, convincing, .and compelling basis for the court to grant the People’s motion to exclude the public during the examination of the undercover agent, and no hearing is required.

. Duncan v. Louisiana, 391 U. S. 145, 148; Matter of Oliver v. Postal, 30 N Y 2d 171, 178; see, also, Judiciary Law, § 4; Civil Rights Law, § 12.

. United States ex rel. Lloyd v. Vincent, supra.

. See n. 1, supra.